IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REGINALD PERKINS,**

        **Plaintiff,**

v.                                         **Civil Action No. 1:08cv225**
                                              **(Judge Keeley)**

**WARDEN K. DeBOO**

        **Defendant.**

**REPORT AND RECOMMENDATION**

On December 24, 2008, the pro se plaintiff, Reginald Perkins, filed this action under the Federal Tort Claims Act ("FTCA"). On January 29, 2009, the plaintiff was granted leave to proceed *in forma pauperis,* and on February 17, 2009, the plaintiff paid his initial partial filing fee.. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

The plaintiff is a federal inmate, currently incarcerated at FCI Gilmer, which is located in Glenville, West Virginia. The complaint alleges that all his property was lost or stolen during his transfer from another institution to FCI Gilmer. The plaintiff filed an Administrative Tort Claim seeking reimbursement in the amount of $100.00 for the loss of his personal property. Specifically, he claimed that on August 29, 2008, his sweat pants, sweat shirt, reading light, clock, ice cooler, two pairs of nail clippers, two mirrors, one razor, Timex watch, prayer beads, six pair of boxer briefs, two soap dishes, two bowls and one pair of boots were lost or misplaced by staff at FCI Beckley when he was transferred to FCI Gilmer. The claim was denied by letter dated November 13, 2008. (Doc. 1-2). As relief, the plaintiff appears to seek an award of $100.00

**II. Analysis**

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).

However, since then, the United States Supreme Court has determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, 128 S.Ct. 831 (2008).[1] Accordingly, this Court does not have jurisdiction to entertain this

---

[1] In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

2

action, and the plaintiff's complaint should be dismissed.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: February 27, 2009

   /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE